IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH AMAZIAH TRENTON,

        Plaintiff,

v.                                                                                                                                                                  No. 1:21-cv-00890-MV-JHR

EXPERIAN, TRANSUNION,
EQUIFAX, DISCOVER BANK,
PLAZA SERVICES LLC,
CREDIT SYSTEMS INC, and
WEBBANK/FINGERHUT,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Original Complaint, Doc. 1, filed September 10, 2021 ("Complaint").

Plaintiff asserted claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692P.  *See* Complaint at 7.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff that the Complaint failed to state claims upon which relief can be granted because

> the Complaint does not explain with particularity what each Defendant did and when they did it.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  For example, Plaintiff alleges that "Defendants are ... reporting false information as well as inquiries on Plaintiff']s account" but does not identify which specific Defendants reported false information, describe the false information or state when Defendants reported the false information.  Complaint at 8, ¶ 6; *see also* Complaint at 5, ¶ A (referring to "Defendants" collectively, not identifying which Defendant reported derogatory information, not describing the derogatory information, not stating when Defendant reported the derogatory information); at 6, ¶ C (not identifying which Defendants "harassed" Plaintiff or when they harassed him); at 8, ¶ 5 (not

      stating when Plaintiff wrote letters to each Defendant or describing the contents of each letter);  at 9, ¶ 9 (not identifying which Defendants threatened Plaintiff with arrest and told Plaintiff they would refer the matter "to the D.A. for prosecution"). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Doc. 6 at 2-3, filed October 7, 2021.  Judge Ritter ordered Plaintiff to file an amended complaint and notified Plaintiff that the failure to timely file an amended complaint may result in dismissal of this case.  Plaintiff did not file an amended complaint by the October 28, 2021, deadline.

      **IT IS ORDERED** that this case is **DISMISSED without prejudice.**

                                             **MARTHA VÁZQUEZ**
                                             **UNITED STATES DISTRICT JUDGE**